NOTICE

Decision filed 12/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230820-U

NO. 5-23-0820

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-1536 |
| | ) | |
| JARED KITTERMAN, | ) | Honorable |
| | ) | Sara L. Rice, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's factual findings were not against the manifest weight of the evidence, and the trial court's order detaining the defendant was not an abuse of discretion where the court's determinations were not unreasonable or arbitrary

¶ 2    The defendant, Jared Kitterman, appeals the circuit court of St. Clair County's September 28, 2023, order regarding the defendant's pretrial release pursuant to Public Act 101-642 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

_____

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 3                                     I. BACKGROUND

¶ 4     On September 5, 2023, the defendant was charged by information with a single count of residential burglary, a Class 1 felony. The same day, a warrant of arrest was issued for the defendant. On September 26, 2023, the warrant was executed. The State alleged in the information that on or about July 26, 2023, the defendant committed the offense of residential burglary, in violation of section 19-3(a) of the Criminal Code of 2012 (720 ILCS 5/19-3(a) (West 2022)), in that he knowingly and without authority, entered into a dwelling place located in O'Fallon, St. Clair County, Illinois, with the intent to commit therein a theft.

¶ 5     On September 27, 2023, the defendant's first appearance was held, and the State filed a verified petition to deny pretrial release. The State alleged that defendant was charged with a forcible felony as defined in section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)) and that he posed a real and present threat to the safety of persons or the community.

¶ 6     On September 28, 2023, the trial court conducted a hearing on the State's petition. At the hearing, the State first noted that the defendant was currently on probation for felony theft. According to the State's proffer, the defendant entered the victim's garage and removed a black and yellow Dewalt toolbox containing various football-related items. The garage door was open and the garage was attached to the residence with a door leading inside. Upon further investigation, officers located the defendant at his residence and found the toolbox that had been removed from the victim's garage. The State further indicated the defendant confirmed to officers that he took the toolbox from just inside the garage door. The State argued the seriousness of the offense, and that the defendant was currently on probation when the crime was committed.

¶ 7    Defense counsel argued that the defendant was removing items that the victim had thrown out in or near a large, 20-foot long dumpster located in the driveway of the home. Further, the defendant contended that none of the items he removed were in the garage, despite the conflicting narrative contained within police reports. Additionally, the defendant cooperated with officers during the investigation and returned all the property to the victims. The defendant also testified at the hearing regarding the felony theft case for which he was currently on probation. The court then inquired of defense counsel regarding the specific conditions of the defendant's current probation in the Madison County felony theft case. Defense counsel stated the defendant is on second chance probation and assumed the standard conditions applied.

¶ 8    After arguments, the trial court ordered the defendant detained finding by clear and convincing evidence that (1) the proof was evident or the presumption great that defendant had committed a qualifying offense; (2) defendant posed a real and present threat to the safety of any person or persons in the community, based upon the specific articulable facts of the case; and (3) no conditions could mitigate the real and present threat to safety. Specifically, the trial court considered the nature and circumstances of the current offense, being a Class 1 residential burglary forcible felony, the seriousness of the offense, the weight of the evidence against the defendant, and the defendant's prior criminal history. Further, the court was specifically concerned that the defendant had been placed on felony probation for theft only a week and a half prior to the alleged commission of this offense.

¶ 9    The defendant filed a timely notice of appeal on October 3, 2023. The Office of the State Appellate Defender was appointed to represent the defendant in this appeal and filed a memorandum in support of Rule 604(h) appeal (Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023)). The State filed a response to the defendant's appeal.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the defendant argues that it was against the manifest weight of the evidence for the trial court to conclude that the State had met its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons or the community. Specifically, that the trial court "ignored" the specific articulable facts of the case and solely relied on the concern of recidivism as a basis for denying pretrial release. We disagree.

¶ 12    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the SAFE-T Act. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily-limited situations. 725 ILCS 5/110-6.1 (West 2022). In order to detain a defendant, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense; that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk; and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

¶ 13    In considering whether the defendant poses a real and present threat to the safety of any person or the community, *i.e.*, making a determination of "dangerousness," the trial court may consider evidence or testimony concerning factors that include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant;

4

(3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the Code (*id.* § 110-5). *Id.* § 110-6.1(g).

¶ 14    To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. *Id.*

¶ 15    Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial

5

release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposition conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 16    The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59. " '[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, "merely because we would have balanced the appropriate factors differently." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980))." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 17    We have thoroughly reviewed the record on appeal in this matter. Here, the trial court's finding is not against the manifest weight of the evidence. The State's evidence proffered at the hearing proved by clear and convincing evidence that the proof is evident or the presumption great that the defendant committed the alleged offense. Officers located the toolbox and other personal items belonging to the victims at the defendant's current place of residence. Further, the defendant confirmed to officers that he took the toolbox from just inside the garage door. The defendant argued that he believed the items he removed from the property were trash. The defendant does not deny that he removed the toolbox from the property, but only whether the toolbox was actually located within the garage at the time. The State argued that residential burglary is a serious crime and entering someone's private residence to commit a theft demonstrates danger to the community.

Further, the State urged the trial court to consider the defendant's felony probation status at the time of the alleged offense.

¶ 18 The trial court made an individualized finding to deny pretrial release to the defendant after considering the specific articulable facts presented, the pretrial investigation report, arguments made by counsel, and the statutory factors. The trial court found that the proof is evident or presumption great that the defendant committed the charged offense. Further, in determining the whether the defendant poses a real or present threat to persons or the community and whether any condition or combination of conditions could mitigate the threat, the court relied on factors specifically stated on the record including the nature and seriousness of the offense (g)(1), the history and character of defendant including defendant's prior criminal history (g)(2)(A), and whether at the time of the offense defendant was on probation for another offense (g)(8).

¶ 19 Additionally, the trial court considered less restrictive conditions and inquired on the record whether electronic ankle monitoring was available as an option for the defendant, but ultimately decided to detain in light of the nature and seriousness of the offense charged and the defendant's failure to comply with conditions already imposed in his felony probation case.

¶ 20 The trial court made the following oral pronouncement:

> "THE COURT: You are on felony probation for a matter, and it looks like the disposition date as far as this investigation report shows that that disposition took place on July 10th of 2023, and herein it's alleged that you committed this residential burglary as alleged by the State on the 26th of July of this year. That gives me a lot of concern, sir, that a mere week and a half after being placed on felony probation, here you are, again, as alleged by the State, committing what they have charged as residential burglary.

> * * *

7

Sir, because of the seriousness of the nature of the charge as it's charged right now, combined with your criminal history that does include the fact that you are currently on felony probation for another matter out of Madison County at this time, taking those statutory factors into consideration, I do find by clear and convincing evidence that at this time you do pose a real and present danger to the safety of any persons or the community and there are no conditions or combination of conditions at this time that can mitigate the real and present danger or threat that the defendant poses to any persons or the community."

¶ 21 Therefore, in light of our review of the record, we find that the trial court's factual findings were not against the manifest weight of the evidence and the trial court's ultimate determination to deny the defendant pretrial release was not an abuse of discretion.

¶ 22                                III. CONCLUSION

¶ 23 For the foregoing reasons, we affirm the September 28, 2023, detention order of the circuit court of St. Clair County.

¶ 24 Affirmed.